# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:12cv308-MR
# [CRIMINAL CASE NO. 3:07cr211-MR-1]

| | |
|---|---|
| MICHAEL D. PAHUTSKI, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Petitioner's Motion under 28 U.S.C. § 2255 on the ground that Petitioner has not signed the Motion under penalty of perjury. [Doc. 6].

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that the Section 2255 "be signed under penalty of perjury by the movant." The Petitioner did not sign his original Motion under penalty of perjury. [See Doc. 1 at 51]. The Petitioner is warned that failure to provide a proper, sworn signature will result in the summary dismissal of his Section 2255 motion.

Petitioner has also filed a motion for immediate release on bail, citing the "absolute likelihood" of prevailing on his Section 2255 motion. [Doc. 5 at

4]. As Petitioner has not submitted a properly verified Section 2255 motion which could be ruled upon at this point, Petitioner's motion for immediate release on bail must be denied.

**IT IS, THEREFORE, ORDERED** that within thirty (30) days from entry of this Order, the Petitioner shall file with the Court with an Amended Section 2255 motion which is signed under penalty of perjury.  <u>Failure to do so within thirty (30) days from entry of this Order will result in an Order summarily dismissing Petitioner's Section 2255 motion for failure to comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.</u>

**IT IS FURTHER ORDERED** that Petitioner's Motion for Immediate Release on Bail [Doc. 5] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 30, 2012

Martin Reidinger
United States District Judge