**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:12-cv-00308-MR
[CRIMINAL CASE NO. 3:07-cr-00211-MR-1]**

| | |
|---|---|
| MICHAEL D. PAHUTSKI, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the following motions:

(1) Petitioner's Emergency Motions for Immediate Release [Docs. 5, 11];

(2) Petitioner's Motion for Sanctions [Doc. 15];

(3) Petitioner's Motion to Strike the Response of the Government to Petitioner's 28 U.S.C. § 2255 Motion [Doc. 21];

(4) Petitioner's Emergency Motion for Release Pending Habeas Corpus Appeal [Doc. 27];

(5) Petitioner's Emergency Motion for Withdrawal of Guilty Plea [Doc. 28]; and

(6) Petitioner's Emergency Motion to Expedite Decision for Release Pending Habeas Ruling [Doc. 29].

I.  BACKGROUND

Petitioner was charged by the grand jury in this district with twenty-one counts related to a mortgage fraud conspiracy. [Criminal Case No. 3:07-cr-00211, Doc. 117: Fourth Superseding Indictment (hereinafter "the Indictment")]. In particular, the Indictment charged the Petitioner with numerous violations of various statutory provisions including mail fraud, wire fraud, bank fraud, and making false statements to banks, all in violation of 18 U.S.C. § 371. Petitioner ultimately pled guilty without the benefit of a plea agreement to the twenty-one counts that were alleged against him.

Petitioner was sentenced on May 6, 2011 to a total of 228 months' imprisonment and ordered to pay $3,563,127.27 in restitution. [Id., Doc. 398: Judgment in a Criminal Case]. On February 9, 2012, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in all respects. United States v. Pahutski, 464 F. App'x 171 (4th Cir. 2012) (unpublished).

On May 15, 2012, Petitioner filed a 43-page motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. He amended his § 2255 motion on September 24, 2012 with a 73-page brief. [Doc. 9]. All total, Petitioner asserts approximately 40 separate claims for relief.

The Government's Answer and Motion to Dismiss were filed on December 18, 2012. [Docs. 18, 19]. In response to the Government's filings, Petitioner filed a 66-page response to the Government's Answer and a 115-page brief in opposition to the Government's Motion to Dismiss. [Docs. 22, 25].

In addition to these voluminous filings, Petitioner has filed a flurry of pleadings, including three motions demanding his immediate release [Docs. 5, 11, 27]; objections to any request by the Government to seek an extension of time to respond to his petition [Doc. 4]; a motion seeking sanctions against the Federal Defenders of Western North Carolina [Doc. 12]; a motion to strike the Government's response in opposition to his petition [Doc. 21]; an "Emergency Judicial Notice" of facts relating to Petitioner's § 2255 [Doc. 26]; an "Emergency Motion" for withdrawal of his guilty plea [Doc. 28]; and an "Emergency Motion" to expedite a ruling on his § 2255 petition. Most recently, in February 2014, Petitioner filed a petition for a writ of mandamus with the Fourth Circuit Court of Appeals. [Doc. 30].

## II. DISCUSSION

As noted above, Petitioner has inundated this Court with various filings. Before the Court can address the merits of his § 2255 motion, the Court will address each of the other motions filed by Petitioner.

Petitioner has filed three motions demanding his immediate release from custody. The Court has conducted a preliminary review of Petitioner's § 2255 motion, as amended, and finds that the claims asserted therein are largely frivolous and do not entitle Petitioner to any affirmative relief, much less to immediate release from incarceration. Accordingly, Petitioner's motions for immediate release [Docs. 5, 11, 27] are denied.

Petitioner also moves for sanctions against attorney Ross H. Richardson and the Federal Defenders of Western North Carolina. [Doc. 15]. This motion is completely irrelevant to Petitioner's § 2255 proceeding and in any event is entirely frivolous. The record of Petitioner's underlying criminal case indicates that attorney Richardson, who is an Assistant Federal Defender, filed a Notice of Appearance in Petitioner's case on August 13, 2012. [Criminal Case No. 3:07-cr-00211, Doc. 429]. After Petitioner filed an Objection to this Notice of Appearance, the Court directed Ms. Richardson to respond in writing to explain the nature of her appearance in the action. [Id., Doc. 431]. On October 2, 2012, Ms. Richardson filed a Notice of Withdrawal, withdrawing her appearance and explaining that the Notice of Appearance had been made for the limited purpose of determining whether Petitioner was eligible for relief under

United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1]  Ms. Richardson's brief notice of appearance did not violate Petitioner's constitutional rights or otherwise deny him any substantial rights, despite Petitioner's protestations to the contrary.  Petitioner's motion for sanctions is utterly without merit and will be denied.

Petitioner also moves to strike the Government's Response to his §2255 motion, arguing that the Government sought extensions of time to respond to his motion solely to delay Petitioner's release pending appeal.  [Docs. 231].  Petitioner's motion is entirely frivolous.  The Government sought extensions of time to respond to Petitioner's motion to vacate.  The extensions of time were sought in a timely manner and the Court found good cause each time for granting the requested relief.  The Court will therefore deny Petitioner's motion to strike the Government's Response.

Petitioner also has filed a 28-page motion seeking to withdraw his guilty plea.  [Doc. 28].  This motion repeats the same arguments that Petitioner has made in several of his claims asserted in the § 2255 motion,

---

[1] On May 1, 2012, the Court appointed the Federal Defenders of the Western District of North Carolina (FDWNC) to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for post-conviction relief pursuant to Simmons, and if so, to assist the defendant in obtaining such relief.  See In re: Motions for Post-Conviction Relief Pursuant to United States v. Simmons, No. 3:12mc92 (W.D.N.C. May 1, 2012).

as amended, and therefore the Court will deny Petitioner's "emergency motion" for withdrawal of his guilty plea.

Finally, Petitioner has filed a 23-page motion seeking to expedite a decision on his § 2255 motion. This motion, too, will be denied. Petitioner has inundated this Court with voluminous filings, now numbering in the hundreds of pages. Petitioner continuously complains that the Court has not addressed the merits of his § 2255 motion; yet he persists in filing lengthy meritless motions which prevent the Court from reaching the merits of his petition. As the foregoing discussion makes clear, Petitioner has clogged the Court with lengthy, convoluted, and often frivolous motions, all of which have required time and attention by the Court – time and attention which otherwise could have been spent addressing the merits of Petitioner's motion.

In the past two years, the federal courts of North Carolina have been swamped with § 2255 motions in light of the monumental changes in the law that followed the decisions of <u>Simmons</u> and its progeny. In light of this onslaught of motions, this Court has made its best effort to review such motions as they are filed and to address those motions which have merit and entitle the filer to immediate relief. The Court has determined through

its initial review that Petitioner's § 2255 motion does not fall within this category.

The Court will address Petitioner's motion as expeditiously as possible; however, because the Court has determined that Petitioner does not have a clear right to the relief sought, the Court will deny his requested for an expedited decision.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Emergency Motions for Immediate Release [Docs. 5, 11] are **DENIED**;

(2) Petitioner's Motion for Sanctions [Doc. 15] is **DENIED**;

(3) Petitioner's Motion to Strike the Response of the Government to Petitioner's 28 U.S.C. § 2255 Motion [Doc. 21] is **DENIED**;

(4) Petitioner's Emergency Motion for Release Pending Habeas Corpus Appeal [Doc. 27] is **DENIED**;

(5) Petitioner's Emergency Motion for Withdrawal of Guilty Plea [Doc. 28] is **DENIED**; and

(6) Petitioner's Emergency Motion to Expedite Decision for Release Pending Habeas Ruling [Doc. 29] is **DENIED**.

The Clerk of Court is respectfully directed to provide a copy of this Order to the Court of Appeals for the Fourth Circuit.

**IT IS SO ORDERED.**  Signed: April 21, 2014

Martin Reidinger
United States District Judge